# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
### CASE NO. 22-5407

**[FILED ELECTRONICALLY]**

---

**JULIE HELPHENSTINE,**
Administratrix of the Estate of Christopher Dale Helphenstine and Guardian of B.D.H., the minor son of Christopher Dale Helphenstine,

**Plaintiff – Appellant**

v.

**LEWIS COUNTY, KY; JEFF LYKINS, Individually; ANTHONY RUARK, Individually; ANDY LUCAS, Individually; BEN CARVER, Individually; AMANDA MCGINNIS, Individually; SANDY BLOOMFIELD, Individually; MARK RILEY, Individually; MELINDA MONROE, Individually; JEFFERY THOROUGHMAN, Individually; TOMMY VON LUHRTE, D.O., Individually; JOHNNY BIVENS, Individually; and JOHN BYARD, Individually,**

**Defendants - Appellees**

---

On Appeal from the United States District Court
Eastern District of Kentucky, Northern Division at Ashland
Case No. 0:18-cv-00093
Hon. Henry R. Wilhoit, Jr., District Judge

# APPELLANT'S REPLY BRIEF

| | |
|---|---|
| Gregory A. Belzley | James L. Thomerson |
| Belzley, Bathurst & Bentley | Rose Grasch Camenisch Mains PLLC |
| P.O. Box 278 | 326 South Broadway |
| Prospect, KY 40059 | Lexington, KY 40508-2592 |
| (502) 292-2452 | (859) 721-2100 |
| gbelzley3b@gmail.com | jim.thomerson@rgcmlaw.com |

**Counsel for Plaintiff – Appellant**

# **TABLE OF CONTENTS**

**Page No.**

TABLE OF CITATIONS ……………………………………………..............3

REPLY TO DEFENDANTS' STATEMENT OF FACTS …………………........4

    I.    In the County Defendants' Brief ...........................................................4

    II.    In Dr. Von Luhrte's Brief ....................................................................4

REPLY TO DEFENDANTS' ARGUMENTS ……………….............................5

    I.    In the County Defendants' Brief ………………….............................5

    II.    In Dr. Von Luhrte's Brief ....................................................................9

CONCLUSION ………………………………………………………………...11

CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)(B)(ii)……………….11

CERTIFICATE OF SERVICE …………………………………………………...12

# **TABLE OF CITATIONS**

## **Federal Cases**

Brawner v. Scott County, Tennessee, 14 F.4th 585 (6th Cir. 2021) ..............................6

Farmer v. Brennan, 511 U.S. 825 (1994) ...................................................................6

Finn v. Warren County, 2012 U.S. Dist. LEXIS 104936
 (W.D. Ky. July 27, 2012) ........................................................................................9

Greene v. Crawford County, 22 F.4th 593 (6th Cir. 2022) ..........................................6

Grider Drugs, LLC v. Express Scripts, Inc., 500 Fed. Appx. 402 (6th Cir. 2012) .....6

Griffith v. Franklin County, 975 F.3d 544 (6th Cir. 2020) ..........................................8

Phillips v. Roane County, 534 F.3d 531 (6th Cir. 2008) .............................................7

Thomas v. City of Shaker Heights, 2006 WL 160303 (N.D. Ohio Jan. 20, 2006) .....9

Trozzi v. Lake County, Ohio, 29 F.4th 745 (6th Cir. 2022) .........................................6

Winkler v. Madison County, 893 F.3d 877 (6th Cir. 2018) .........................................8

## **Federal Statute**

42 U.S.C. §1983 ......................................................................................................11

## REPLY TO DEFENDANTS' STATEMENT OF FACTS

**I. In the County Defendants' Brief.**

The County Defendants now appear to admit that "Dr. Von Luhrte contacted the jail and spoke with someone whose identity he does not know,"[1] but that is not what they said in their sworn deposition testimony. To the contrary, none of the Jail's employees deposed in this case has any recollection of speaking to Von Luhrte about Helphenstine.[2] Whether the County Defendants now admit that they were informed by Von Luhrte that Helphenstine's condition was emergent and required hospitalization should be explored at oral argument.

**II. In Dr. Von Luhrte's Brief.**

1. The cause of Helphenstine's death and the "interval between onset and death"[3] is a genuine issue of material fact to be resolved by a jury after hearing expert testimony. Plaintiff's experts testified that Helphenstine died as a consequence of

---

[1] RE 23, *Brief of Lewis County Appellees*, p. 7.
[2] RE 108, *Bloomfield depo.*, Page ID #1137-87, at 80, 112, 115; RE 99, *Lucas depo.*, Page ID #879-98, at 15, 27-29,42, 46; RE 98, *McGinnis depo.*, Page ID #846-78, at 83; RE 121, *Potter depo.*, Page ID #1584-1697, at 12-13, 15, 18, 20, 27-28, 31-32, 37, 41-43; RE 107, *Riley depo.*, Page ID #1121-36, at 21; RE 100, *Ruark depo.*, Page ID #899-929, at 12, 27-28; RE 104, *Thoroughman depo.*, Page ID #1060-86, at 38, 40, 63; Potter testified that she's "never known Dr. Tommy to call the jail." RE 121, *Potter depo.*, Page ID #1584-1697, at 31-32.
[3] RE 22, *Appellee Von Luhrte's Brief*, p. 6.

severe dehydration occasioned by the untreated drug withdrawal he experienced during his 4½-day incarceration in the Jail.[4]

2.  Absent an admission now by the County Defendants, whether Von Luhrte ever called or spoke to anyone at the Jail about Mr. Helphenstine is a genuine issue of material fact to be resolved by a jury. Von Luhrte cannot remember who he talked to, he did not document the call, there is no record of Von Luhrte making such a call or one being received by the Jail, and none of the Jail's employees deposed in this case has any recollection of speaking to Von Luhrte about Helphenstine.[5]

3.  Von Luhrte's Brief makes no attempt to explain why he did nothing but prescribe an additional anti-emetic after allegedly being advised that Helphenstine had allegedly refused Von Luhrte's order that he be emergently transported to the hospital for treatment of his condition the afternoon before his death.

## REPLY TO DEFENDANTS' ARGUMENTS

**I. In the County Defendants' Brief.**

1.  Plaintiff did not waive the argument that the Court should regard with

---

[4] RE 71-1, *Expert Report of Richard Blondell, MD*, Page ID #348-53, pp. 5-6; RE 71-5, *Expert Report of Robert Pfalzgraf, MD*, Page ID #384-85, p. 2.
[5] RE 108, *Bloomfield depo.*, Page ID #1137-87, at 80, 112, 115; RE 99, *Lucas depo.*, Page ID #879-98, at 15, 27-29,42, 46; RE 98, *McGinnis depo.*, Page ID #846-78, at 83; RE 121, *Potter depo.*, Page ID #1584-1697, at 12-13, 15, 18, 20, 27-28, 31-32, 37, 41-43; RE 107, *Riley depo.*, Page ID #1121-36, at 21; RE 100, *Ruark depo.*, Page ID #899-929, at 12, 27-28; RE 104, *Thoroughman depo.*, Page ID #1060-86, at 38, 40, 63; RE 102, *Von Luhrte depo.*, Page ID #956-1013, at 85-86.

skepticism the testimony of County Defendants when they are the only living witnesses to the events in issue. This is not a disputed issue, but a statement of the clearly-established mind-set with which the District Court should view disputed facts as part of its obligation to resolve all disputed facts in favor of the plaintiff. The Court's unpublished opinion in *Grider Drugs, LLC v. Express Scripts, Inc.*, 500 Fed. Appx. 402 (6th Cir. 2012), in which the plaintiff argued for the first time on appeal that its complaint should not have been dismissed following removal given differences in the pleading standards of the state and federal courts, does not support the County Defendants' argument.

2.  Contrary to the County Defendants' assertion, this Court has not "thrice rejected ... that the subjective component of deliberate indifference should be eliminated altogether."[6] This Court in both *Brawner* and *Greene* eliminated a requirement that a plaintiff prove a defendant's actual knowledge when the risk is "so obvious that it should have been known." *Brawner v. Scott County, Tennessee*, 14 F.4th 585, 598 (6th Cir. 2021); *Greene v. Crawford County*, 22 F.4th 593, 606 (6th Cir. 2022). *Trozzi*, however, imposed a duty on the plaintiff to prove "what the particular jail official knew at the time of the incident" irrespective of the obviousness of the risk. *Trozzi v. Lake County, Ohio*, 29 F.4th 745, 757 (6th Cir. 2022). Even the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994),

---

[6] RE 23, *Brief of Lewis County Appellees*, p. 14.

recognized an "obviousness" exception to the requirement of proof of a defendant's actual knowledge. *Id.*, at 842. Otherwise, a defendant could defeat a plaintiff's claim with self-serving testimony that they had no knowledge of the risk. This Court has already recognized that "[o]fficials, of course, do not readily admit [the] subjective component ...." *Phillips v. Roane County*, 534 F.3d 531, 540 (6th Cir. 2008). The *Trozzi* test is particularly troubling where, as here, there is nothing to dispute the defendant's testimony other than the obviousness of the risk. The County Defendants prove Plaintiff's point by subsequently arguing that the current law of this Court "require[s] actual knowledge," and then referencing the self-serving testimony of Defendants Lucas and McGinnis that Helphenstine was "feeling pretty good" and "appeared to be doing better" just hours before his death despite the County Defendants apparent acknowledgment that Von Luhrte had already told the Jail that Helphenstine's condition was emergent and required hospitalization.[7]

3. The County Defendants' argument that qualified immunity requires the Court to apply the pre-*Brawner* test of deliberate indifference to Plaintiff's claims is incorrect. Were that the case, the Court could not have remanded *Brawner* to the District Court for retrial under the new test enunciated in that decision. The County Defendants also fail to explain why such an argument is necessary, when they have

---

[7] RE 23, *Brief of Lewis County Appellees*, pp. 21-22, 25.

already argued that this Court still requires a pretrial detainee to prove a defendant's actual knowledge of the risk.

4. The County Defendants' discussion of the liability of the individual Defendants only emphasizes the fact-intensive nature of this case and the importance of a jury's resolution of factual disputes after observing the demeanor and credibility of the Defendants at trial. Their reliance on the pre-*Brawner* decisions in *Winkler v. Madison County*, 893 F.3d 877 (6th Cir. 2018) and *Griffith v. Franklin County*, 975 F.3d 544 (6th Cir. 2020) is misplaced.

5. Whether the County failed to train the individual Defendants, or whether their training was so reckless or grossly negligent that future misconduct was inevitable, is a genuine issue of material fact that must be resolved by a jury. The County plainly failed to train the individual Defendants on the policy requiring that inmates in alcohol or drug withdrawal be sent to the hospital. Instead, the practice in the Jail was that an inmate's signs and symptoms of withdrawal were not treated as an emergency *until* the inmate had a heart attack or a seizure, or became unresponsive.[8] Defendant McGinnis testified that had she known the Jail's policies said withdrawal was a medical emergency, she would have sent Helphenstine to the hospital the morning of April 18.[9] That the individual Defendants claimed that they

---

[8] RE 103, *Lykins depo.*, Page ID #1014-59, at 15-16.
[9] McGinnis depo. at 75.

did not recognize that Helphenstine's withdrawal was severe or that he was deteriorating is irrelevant to the County's liability. They testified that they received no training on when the signs and symptoms of withdrawal indicated that the inmate's condition was becoming life-threatening.[10] Proof that the individual Defendants satisfied their state-mandated training is not enough. In *Finn v. Warren County*, 2012 U.S. Dist. LEXIS 104936 (W.D.Ky. July 27, 2012), another case involving the failure of deputy jailers to follow a policy that would have prevented an inmate's alcohol withdrawal death, the court said:

> That the deputy jailers received the bare minimum training required by the state does not mean that they received adequate training in this particular area of jail administration. If proof of completion of state required minimum training was sufficient to defeat a failure to train claim, such claims would virtually cease to exist. Under these circumstances, the Court finds that proof of the successful completion of state mandated training alone is insufficient to demonstrate adequate training regarding the dangers of alcohol withdrawal in the prison setting.

*Id.,* at *59, *citing Thomas v. City of Shaker Heights,* 2006 WL 160303, *7 (N.D.Ohio Jan. 20, 2006).

**II. In Dr. Von Luhrte's Brief.**

    1.    Throughout his argument, Von Luhrte repeatedly states that Plaintiff's

---

[10] RE 108, *Bloomfield depo.*, Page ID #1137-87, at 26, 38, 46; RE 99, *Lucas depo.*, Page ID #879-98, at 19, 21, 23; RE 103, *Lykins depo.*, Page ID #1014-59, at 15, 90, 102-04, 113-15; RE 98, *McGinnis depo.*, Page ID #846-78, at 28, 76-78, 82; RE 107, *Riley depo.*, Page ID #1121-36, at 20; RE 100, *Ruark depo.*, Page ID #899-929, at 21-22; RE 104, *Thoroughman depo.*, Page ID #1060-86, at 15-16, 50-51.

burden is to show that Von Luhrte was deliberately indifferent to Helphenstine's obviously serious medical needs. This highlights the confusion among judges and practitioners alike as to whether this Court, after *Trozzi*, has changed anything about the deliberate indifference standard that formerly applied to claims of pretrial detainees like Helphenstine.

2. Von Luhrte takes *Trozzi* one step further – in addition to citing to *Trozzi* for the proposition that he had to have actual knowledge of the precise state of Helphenstine's condition, he argues that he had to be at the scene, directly observing Helphenstine, to have any liability at all.[11] This ignores the fact that Von Luhrte did not have to see Helphenstine to conclude his condition was emergent and required hospitalization.

3. Whether Von Luhrte told the Jail that Helphenstine needed to be sent to the hospital, or whether Helphenstine refused to be taken to the hospital, are genuine issues of material fact to be resolved by a jury. If Helphenstine refused emergent transport to the hospital, it was the County Defendants who had the power and duty to override such a potentially suicidal decision, not Von Luhrte. But that does not absolve Von Luhrte of liability for doing nothing more than prescribing an additional anti-emetic after allegedly being advised that Helphenstine had refused emergent treatment.

---

[11] RE 22, *Appellee Von Luhrte's Brief*, p. 14

## CONCLUSION

**FOR THE FOREGOING REASONS**, Plaintiff respectfully requests that the summary dismissal of her federal claims under 42 U.S.C. §1983 be reversed, that the Court reinstate her state claims, and that the Court remand her federal and state claims for trial in the District Court below.

    Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, KY 40059
(502) 292-2452
gbelzley3b@gmail.com

James L. Thomerson
Rose Grasch Camenisch Mains PLLC
326 South Broadway
Lexington, KY 40508-2592
(859) 721-2100
jim.thomerson@rgcmlaw.com

***Counsel for Plaintiff – Appellant***

## CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)(B)(ii)

Pursuant to FRAP 32(g)(1), I hereby certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B)(ii), in that it contains 1,827 words exclusive of the table of contents, the table of authorities, the statement regarding oral argument and certificates of counsel, and inclusive of headings, footnotes and quotations.

/s/ Gregory A. Belzley
***Counsel for Plaintiff – Appellant***

## **CERTIFICATE OF SERVICE**

A copy of this Corrected Appellant's Brief was served via email on August 24, 2022, on all counsel of record.

/s/ Gregory A. Belzley
***Counsel for Plaintiff – Appellant***