No. 22-5407

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JULIE HELPHENSTINE, Adminstratrix of the Estate of
Christopher Dale Helphenstine and Guardian of B.D.H., minor son
*Plaintiff-Appellant*

v.

LEWIS COUNTY, KY, *et al.*
*Defendants-Appellees*

On appeal from the United States District Court
for the Eastern District of Kentucky at Ashland
Case No. 0:18-CV-00093-HRW

## APPELLEES' PETITION FOR REHEARING EN BANC

Respectfully submitted,

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87690)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Lewis County Appellees-Defendants*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

I.    FRAP 35(B)(1) STATEMENT ......................................................................... 1

II.   BACKGROUND ................................................................................................ 2

III. *EN BANC* REVIEW IS NECESSARY TO PROVIDE CLARITY REGARDING THE STANDARD THaT governing PRETRIAL DETAINEES' MEDICAL CARE CLAIMS ...................................................... 3

IV.   THIS COURT SHOULD RECONSIDER *BRAWNER* ................................. 7

    A.    SINCE MEDICAL CARE CLAIMS UNDER THE FOURTEENTH AMENDMENT ARE MATERIALLY DIFFERENT FROM EXCESSIVE FORCE CLAIMS UNDER THE FOURTH AMENDMENT, THEY SHOULD NOT BE SUBJECT TO THE SAME STANDARD .......................................... 8

V.    CONCLUSION ................................................................................................12

APPENDIX ................................................................................................................... A

# TABLE OF AUTHORITIES

**Cases**

*Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415 (5th Cir. 2017) ............................................................................................... 12
*Bell v. Wolfish*, 441 U.S. 520 (1979) ........................................................... 2
*Brawner v. Scott County*, 14 F.4th 585 (6th Cir. 2021 ........................... 1, 3
*Brawner, supra* at 596 ............................................................................ 5, 11
*Brawner, supra,* at *20-21 ............................................................................ 8
*Brawner, supra* at *15 – 19 ......................................................................... 11
*Britt v. Hamilton County*, 2022 U.S. App. LEXIS 3852 (6th Cir.) ........... 3, 5
*Britt, supra* at *17 – *18 ................................................................................ 7
*Dang v. Sheriff Seminole County,* 871 F.3d 1272 (11th Cir. 2017) ......... 12
*Daniels v. Williams*, 474 U.S. 327, 332 (1986) .......................................... 10
*Darnell v. Pinerio*, 849 F.3d 17 (2nd Cir. 2017) ......................................... 12
*Duckett v. Cumberland County Sheriff's Dept.,* 2022 U.S. Dist. LEXIS 163099 (M.D. Tenn.) ...................................................................................... 4
*Estate of Abdel-Hak v. Dearborn*, 1989 U.S. App. LEXIS 4609 (6th Cir.) ........................................................................................................ 2
*Estelle v. Gamble*, 429 U.S. 97 (1976) ................................................... 2, 11
*Farmer v. Brennan,* 511 U.S. 825 (1994) ................................................ 2, 11
*Gordon v. City of Orange,* 888 F.3d 1118 (9th Cir. 2018) ......................... 12
*Graham v. Connor*, 490 U.S. 386, 397 (1989 ............................................ 10
*Greene v. Crawford County*, 22 F.4th 593 (6th Cir. 2022) ........................... 3
*Helphenstine v. Lewis County*, 2023 U.S. App. LEXIS 3175 at *13 ............ 6
*Helphenstine, supra* at *14 ........................................................................... 7
*Helphenstine v. Lewis County*, 2023 U.S. App. LEXIS 3175 at *14-*15 .................................................................................................................. 12
*Huntley v. Fuller*, 2021 U.S. Dist. LEXIS 193598 (W.D. Mich.) ................. 6
*Hyman v. Lewis*, 27 F.4th 1233 (6th Cir. 2022) .......................................... 4
*Id.* at 396 ................................................................................................ 9, 10
*Jenkins v. Obion County*, 2022 U.S. Dist. LEXIS 191596 (W.D. Tenn.) ............................................................................................... 6
*Kingsley v. Hendrickson*, 576 U.S. 389 (2015) ........................................... 2
*Kingsley, supra* at 395 .................................................................................. 8
*Kingsley, supra* at 405 – 408 ...................................................................... 11
*Lawler v. Hardeman*, 2022 U.S. Dist. LEXIS 177318 (W.D. Tenn.) .......... 6
*Miranda v. Lake County,* 900 F.3d 335 (7th Cir. 2018) ............................. 12

*Montgomery v. Wellpath Med.*, 2022 U.S. Dist. LEXIS 150110 (M.D. Tenn.) ............................................................................................................ 4
*Preston v. County of Macomb*, 2022 U.S. App. LEXIS 177535 (E.D. Mich.) ......................................................................................................... 4, 6
*Stein v. Gunkel*, 43 F.4th 633 (6th Cir. 2022) ................................................................ 2
*Streeter v. Macomb County*, 2023 U.S. Dist. LEXIS 19445 (E.D. Mich.) ............................................................................................................ 4
*Trozzi v. Lake County*, 29 F.4th 745 (6th Cir. 2022) ............................................ 3, 4, 6
*Westmoreland v. Butler County*, 35 F.4th 1051 (6th Cir. 2022) ................................. 4
*Whitley v. Albers*, 475 U.S. 312, 319 (1976) .............................................................. 9
*Whitley v. City of St. Louis*, 887 F.3d 857 (8th Cir. 2018) ........................................ 12

## I. FRAP 35(B)(1) STATEMENT

Pursuant to FRAP 35(b)(1), Defendants-Appellants, Lewis County, KY; Sandy Bloomfield, Jeff Lykins, Amanda McGinnis, Mark Riley, and Anthony Ruark, request rehearing *en banc* to address the following critical issues: (1) Whether the standard applicable to pretrial detainees' inadequate medical care claims still includes a subjective component after this Court's decision in *Brawner v. Scott County*, 14 F.4th 585 (6th Cir. 2021); (2) If so, what must a pretrial detainee prove to satisfy the subjective component of that standard?; and, (3) In light of the confusion that *Brawner* has engendered, whether this Court should revisit *Brawner*?

Resolution of these issues is of exceptional importance in the corrections community in the four states within this Court's jurisdiction. They directly impact deputy jailers' liability under the Fourteenth Amendment in medical needs claims and the current confusion renders the law more difficult for deputy jailers and jail officials to discern. The problem is exacerbated by the fact that pretrial detainees and convicted prisoners are housed in the same facilities, but a deputy jailer's liability for the same acts or omissions for two individuals varies depending on their status.

## II.   BACKGROUND

Historically, pretrial detainees alleging that deputy jailers had provided them inadequate medical care in violation of the Fourteenth Amendment had to establish deliberate indifference. *See Estate of Abdel-Hak v. Dearborn*, 1989 U.S. App. LEXIS 4609 (6th Cir.), citing *Bell v. Wolfish*, 441 U.S. 520 (1979) and *Estelle v. Gamble*, 429 U.S. 97 (1976). And, deliberate indifference required proof that a deputy subjectively knew of, and disregarded, an objective risk of serious harm to the detainee. *E.g.*, *Stein v. Gunkel*, 43 F.4th 633 (6th Cir. 2022), citing *Farmer v. Brennan*, 511 U.S. 825 (1994). That was the same standard applicable to Eighth Amendment inadequate medical care claims brought by convicted prisoners. *Id.*

In 2015, the Supreme Court ruled pretrial detainees bringing excessive force claims against deputy jailers under the Fourth and Fourteenth Amendments were not required to establish the same level of subjectivity as convicted prisoners; instead of having to prove deputies were "subjectively aware that their use of force was unreasonable," detainees could show the deputies' use of force was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

In 2021, a panel of this Court, in a 2 – 1 Opinion, ruled that *Kingsley* required modification of the deliberate indifference standard for Fourteenth

2

Amendment medical care claims brought by detainees. *Brawner v Scott County*, 14 F.4th 585 (6th Cir. 2021). The new standard requires a plaintiff to prove "a defendant … acted … recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*.

Ever since *Brawner*, panels of this Court – including, but not limited to, those in *Greene v. Crawford County*, 22 F.4th 593 (6th Cir. 2022), *Britt v. Hamilton County*, 2022 U.S. App. LEXIS 3852 (6th Cir.), *Trozzi v. Lake County*, 29 F.4th 745 (6th Cir. 2022), and the instant appeal – have struggled to interpret *Brawner* and apply its nebulous standard consistently.

Rehearing *en banc* is necessary to consider the following issues that remain very much unsettled in this Circuit: (1) Whether the standard for pretrial detainees' inadequate medical care claims still includes a subjective component; (2) If so, what must a pretrial detainee prove to satisfy the subjective component?; and, (3) In light of the confusion that *Brawner* has caused amongst panels of this Court and amongst district courts, whether sound jurisprudence dictates that this Court revisit *Brawner*?

### III.   *EN BANC* REVIEW IS NECESSARY TO PROVIDE CLARITY REGARDING THE STANDARD THAT GOVERNING PRETRIAL DETAINEES' MEDICAL CARE CLAIMS

Within this Circuit, there has been tremendous confusion in attempting to consistently apply the nebulous "recklessness" standard articulated in

*Brawner*, a struggle Judge Bush emphasized in dissenting from the denial of rehearing *en banc* in *Westmoreland v. Butler County*, 35 F.4th 1051 (6th Cir. 2022). <u>See</u> <u>also</u> *Hyman v. Lewis*, 27 F.4th 1233 (6th Cir. 2022) (noting that "Brawner is far from clear" and struggling to "distill a couple of principles from it"); *Trozzi*, *supra* (noting that *Brawner* "articulates the modified subjective standard in a sentence only a lawyer could love").

This struggle is not limited to the Sixth Circuit itself. It extends to the district courts within its jurisdiction. *Preston v. County of Macomb*, 2022 U.S. App. LEXIS 177535 (E.D. Mich.) (noting that Sixth Circuit case law after *Brawner* "has made clear that the changed standard outlined in *Brawner* and *Greene* was, to put it lightly, unclear; the language in *Brawner* created some uncertainty regarding how to apply the modified subjective standard"); *Montgomery v. Wellpath Med.*, 2022 U.S. Dist. LEXIS 150110 (M.D. Tenn.) (noting "ongoing intracircuit confusion in employing *Brawner*'s modification of the deliberate indifference standard"); *Duckett v. Cumberland County Sheriff's Dept.*, 2022 U.S. Dist. LEXIS 163099 (M.D. Tenn.) (same); *Streeter v. Macomb County*, 2023 U.S. Dist. LEXIS 19445 (E.D. Mich.) ("Despite *Brawner*, Sixth Circuit panels continue to struggle with the precise standard applicable to pretrial detainee deliberate indifference claims.").

The standard itself is defined by what it is not, rather than by what it is. *Brawner* announced a standard that is "more than negligence but less than subjective intent – something akin to reckless disregard." *Brawner*, *supra* at 596. Accordingly, it is not negligence; it is not subjective intent; and, it is not exactly reckless disregard, although reckless disregard is apparently closer to ("something akin to") whatever the standard is. If the two extremes are negligence and subjective intent, with reckless disregard somewhere in the middle; and if the standard is "something akin to" but not exactly reckless disregard, the standard must fall on either the negligence side of reckless disregard or the subjective intent side of reckless disregard. That begs the question: On which side of that line does the standard fall? The *Brawner* standard is nebulous at best and conflicts with Fourteenth Amendment precedent.

In addition, courts have been inconsistent as to whether Brawner altogether "obviates" or "abrogates" an inquiry into a deputy's mental state, or merely "modifies" the subjective component of deliberate indifference. *Brawner* itself says the subjective component was "modifi[ed]." *Brawner*, *supra* at 596. However, in a subsequent opinion, a member of the *Brawner* majority dissented in *Britt v. Hamilton County*, 2022 U.S. App. LEXIS 3852 (6th Cir.), and criticized the *Britt* majority for engaging in a subjective-intent inquiry at all,

5

claiming that subjectivity is "obsolete" after *Brawner*. Another panel of the Court concluded that Brawner "stopped short of fully eliminating the subjective inquiry." *Trozzi*, *supra*. And, in the instant appeal, the panel concluded that *Brawner* merely "modified the subjective prong" of deliberate indifference." *Helphenstine v. Lewis County*, 2023 U.S. App. LEXIS 3175 at *13.

District courts, too, have expressed uncertainty as to whether or not "subjective considerations [are] to be fully ignored as part of this modified standard" in *Brawner*. *Preston*, *supra*. On one hand, some district courts have concluded *Brawner* "eliminated" or "obviated" the subjective component of deliberate indifference. *E.g.*, *Huntley v. Fuller*, 2021 U.S. Dist. LEXIS 193598 (W.D. Mich.) (holding that *Kingsley* "eliminated the requirement of proving the subjective prong of the deliberate indifference test for pretrial detainees). But, others have concluded *Brawner* merely "modified" the subjective component. *E.g.*, *Lawler v. Hardeman*, 2022 U.S. Dist. LEXIS 177318 (W.D. Tenn.) ("To the extent that Plaintiff argues that *Brawner* abrogated the subjective prong for detainees, he is wrong.); *Jenkins v. Obion County*, 2022 U.S. Dist. LEXIS 191596 (W.D. Tenn.) ("The *Brawner* Court modified the second prong of the deliberate indifference test.").

Further adding to the confusion is whether *Brawner* renders all Fourteenth Amendment medical needs precedent "obsolete," even if the

6

particular precedent dealt with issues other than the recklessness standard *Brawner* adopted or relied on alternative grounds when they addressed the state-of-mind inquiry. *Britt*, *supra* at *17 – *18.

The decision in the instant appeal does not clear up any of this confusion. In fact it complicates matters. The *Trozzi* panel attempted to "evaluate[] *Farmer*, *Kingsley*, *Brawner*, and *Greene* in tandem to clarify the elements required for deliberate indifference claims based on inadequate medical care brought by pretrial detainees under the Fourteenth Amendment." *Preston*, *supra*. But, whatever clarity *Trozzi* provided was short-lived, as the panel in the instant case ruled that *Trozzi* was "irreconcilable with *Brawner*." *Helphenstine*, *supra* at *14.

This Court's *en banc* consideration is necessary to clarify the standard applicable to such Fourteenth Amendment medical needs claims.

## IV.   THIS COURT SHOULD RECONSIDER *BRAWNER*

In light of the confusion that *Brawner* has engendered amongst panels of this Court and amongst district courts, this Court should revisit the case *en banc*.

### A. SINCE MEDICAL CARE CLAIMS UNDER THE FOURTEENTH AMENDMENT ARE MATERIALLY DIFFERENT FROM EXCESSIVE FORCE CLAIMS UNDER THE FOURTH AMENDMENT, THEY SHOULD NOT BE SUBJECT TO THE SAME STANDARD

In discussing *Kingsley*, the *Brawner* majority focused intently on the punishment aspect that the Supreme Court used as one prong of its reasoning for concluding that proof of a malevolent subjective intent is not required for a pretrial detainee to pursue an excessive force claim under the Fourteenth Amendment. *Brawner*, *supra*, at *20-21. Its focus on that aspect of *Kingsley* caused the *Brawner* majority to overlook the more significant aspect of *Kingsley*, i.e., the Supreme Court's distinction between differing kinds of intent.

In *Kingsley*, the Supreme Court keenly observed that there are two separate categories of intent: "The first concerns the defendant's state of mind with respect to his physical acts – i.e., his state of mind with respect to the bringing about of certain physical consequences in the world. The second question concerns the defendant's state of mind with respect to whether his use of force was 'excessive.'" *Kingsley*, *supra* at 395.

The *Kingsley* Court explained that, for action theories like excessive force claims, the first prong is often not disputed because a defendant would know (or rightfully be charged with knowledge) of the facts and circumstances surrounding him as he engaged in physical acts. *Id.*

The *Kingsley* Court then explained that the second aspect of intent was irrelevant to evaluating excessive force claims under the Fourteenth Amendment. The Court described that aspect as the "defendant's state of mind with respect to the proper interpretation of the force (a series of events in the world)." *Id*. at 396. This real-time awareness that the defendant's conduct was unlawful as he or she used force, was what the Supreme Court held was not required for pretrial detainees to pursue *excessive force* claims. *Id*. This is why the Supreme Court took issue with the defendant's proposed instruction that authorized a liability verdict only if his actions were intended "maliciously and sadistically to cause harm." *Id*. at 400. Based on this reasoning, the Court's holding in *Kingsley* is restricted only to intent that would describe a defendant's internal purpose, judgment, or appraisal of his own actions.

In revamping the subjective component of deliberate indifference, the *Brawner* majority went too far. In the Sixth Circuit, the deliberate indifference standard under the Fourteenth Amendment has never required proof that a defendant knew his or her actions were unlawful or done maliciously. *Richmond v. Huq*, 885 F.3d 939 (6th Cir. 2018), citing *Whitley v. Albers*, 475 U.S. 312, 319 (1976). The Sixth Circuit has, however, correctly required proof that a defendant was personally aware of facts suggesting an inmate's need for care and failed to take action. *Id*.

9

That element speaks to the defendant's personal awareness of a situation and not his or her subjective intent in failing to take action. *See id*. That is because, unlike an excessive force situation which involves affirmative and usually physical actions in a span of seconds, or minutes, an actor's intent can be inferred from their actions. *Kingsley*, *supra* at 396. Where inaction is at issue, as in the case at bar, and must be judged from a series of events that often occur over the course of hours, days, weeks or even months, a more refined analysis is needed to determine if the conduct goes beyond mere negligence. *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (mere negligence insufficient to pursue due process claim against jail officials under Fourteenth Amendment).

Along these same lines, the *Brawner* court failed to appreciate that the result in *Kingsley* was heavily influenced by precedents analyzing force claims under the Fourth Amendment. Under that standard, an officer's subjective intent is not in issue and force instead must be analyzed only objectively. *Graham v. Connor*, 490 U.S. 386, 397 (1989). *Kingsley* cited *Graham*, which set the standard for force claims under the Fourth Amendment, at least five times to make the point that force claims traditionally have been analyzed only objectively. *Id*. at 397 – 402.

Despite these clear indications that *Kingsley* was derived from analysis of Fourth Amendment excessive force claims, the *Brawner* court never explained

why it made sense to borrow elements of the objective reasonableness standard to inform the test for medical needs claims of pretrial detainees arising under the Fourteenth Amendment. It chose to discard well-reasoned holdings in *Farmer*, *supra*, and *Estelle*, *supra*, as having originated from the Eighth Amendment's cruel and unusual punishment prohibition alone. *Brawner*, *supra* at *15 – 19. But in doing so, the *Brawner* court merely substituted the strand of excessive force cases arising under the Fourth Amendment in its place. *See Id*.

As Justice Scalia observed in his dissent in *Kingsley*, the Supreme Court has repeatedly counseled that the Fourth Amendment and Due Process Clauses of the Fifth and Fourteenth are textually different and thus must not be mixed and combined in the way that the *Brawner* majority has done. *Kingsley*, *supra* at 405 – 408 (J. Scalia dissenting). Because the *Brawner* majority ignored this observation, this Circuit now has a nebulous test of liability for medical claims arising under the Fourteenth Amendment that permits a jury to conclude a defendant is "reckless" even if there is no proof that he or she was personally aware of a risk to the plaintiff. *Brawner*, *supra* at 596. This flies in the face of a well-established body of law on the standard of deliberate indifference as well as a jurisprudence holding that Fourteenth Amendment liability requires more than mere negligence. *E.g.*, *Farmer*, *supra*.

For that very reason, other Circuits are, as the panel in the instant appeal noted, "all over the map" on the issue whether *Kingsley* should be extended to medical claims. *Helphenstine v. Lewis County*, 2023 U.S. App. LEXIS 3175 at *14-*15 (collecting cases). <u>See also</u> *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415 (5th Cir. 2017) (declining to extend); *Whitley v. City of St. Louis*, 887 F.3d 857 (8th Cir. 2018) (declining to extend); *Dang v. Sheriff Seminole County*, 871 F.3d 1272 (11th Cir. 2017) (declining to extend); *Darnell v. Pinerio*, 849 F.3d 17 (2nd Cir. 2017) (extending); *Miranda v. Lake County*, 900 F.3d 335 (7th Cir. 2018) (extending); *Gordon v. City of Orange*, 888 F.3d 1118 (9th Cir. 2018) (extending).

Given that extending *Kingsley* to medical claims is (a) so contrary to well-established Supreme Court and Sixth Circuit precedents, (b) the subject of such discord amongst the Circuits, and (c) the root of this Court's and lower courts' struggle to apply a consistent standard, this Court should consider *en banc* the wisdom of having extended *Kingsley* to pretrial detainees' Fourteenth Amendment medical care claims.

## V.    CONCLUSION

For the foregoing reasons, Defendants-Appellants, Lewis County, KY; Sandy Bloomfield, Jeff Lykins, Amanda McGinnis, Mark Riley, and Anthony Ruark, respectfully request that this Court grant *en banc* review, vacate the Panel Opinion, and restore this case to the docket as a pending appeal.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com

*Attorney for Appellees-Defendants, Lewis County, KY; Johnny Bivens, Sandy Bloomfield, John Byard, Ben Carver, Andy Lucas, Jeff Lykins, Amanda McGinnis, Mark Riley, Anthony Ruark, and, Jeffrey Thoroughman*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation provided in Fed.R.App.P.32(a)(7)(B). The foregoing brief contains 2,591 words of 14 point proportional type. The word processing software used to prepare this brief was Word 2010 for Microsoft Office.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

## CERTIFICATE OF SERVICE

This is to certify that on the **23rd** day of February, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Gregory A. Belzley, Esq.; Camille A. Bathurst, Esq.; James L. Thomerson, Esq.; Clayton L. Robinson, Esq. and Devon M. Hendricks, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

## **APPENDIX**

1.     Sixth Circuit Court of Appeals Opinion, issued 02.09.23 (Doc. 137)

A