UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO 22-5407

FILED ELECTRONICALLY

JULIE HELPHENSTINE, Administratrix of the Estate of Christopher Dale
Helphenstine
And Guardian of B.D.H., the minor son of Christopher Dale Helphenstine
Plaintiff-Appellant

V.

LEWIS COUNTY, KY et. al.
Defendants-Appellees

On Appeal from the United States District Court
Eastern District of Kentucky, Northern Division at Ashland
Case No. 0:18-cv-00093
Hon. Henry R. Wilhoit, Jr., District Judge

**<u>APPELLEES' PETITION FOR REHEARING EN BANC</u>**

Respectfully Submitted,

/s/ *Courtney L. Soltis*_____
Clayton L. Robinson, Esq.
Courtney L. Soltis, Esq.
ROBINSON & HAVENS, PSC
101 Prosperous Place, Suite 100
Lexington, KY 40509
Ph: (859) 559-4533
crobinson@robinsonhavens.com
csoltis@robinsonhavens.com
Counsel for Defendant-Appellee
Tommy Von Luhrte, D.O.

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES.................................................................... ii-iii

RULE 35(B) STATEMENT........................................................................1

ARGUMENT ..............................................................................................2

I.      THIS CIRCUIT HAS TWO INCONSISTENT APPROACHES TO DELIBERATE
        INDIFFERENCE POST-BRAWNER, AND EN BANC REVIEW IS REQUIRED TO
        DETERMINE WHICH APPROACH CONTROLS. ....................................................2

II.     THE COURT MISAPPLIES THE NOVEL DELIBERATE INDIFFERENCE TEST,
        DERIVED FROM KINGSLEY'S EXCESSIVE FORCE CONTEXT, TO A MEDICAL
        PHYSICIAN FOR CLAIMS THAT EFFECTIVELY QUESTION THE EFFICACY OF
        MEDICAL TREATMENT RENDERED. .............................................................4

        A.  BRAWNER PURPORTS TO BRING THE SIXTH CIRCUIT IN LINE WITH KINGSLEY,
            BUT INSTEAD CREATED A NOVEL AND UNWORKABLE STANDARD. ...............5

        B.  THE OPINION FAILS TO RECOGNIZE THAT THIS IS A CASE OF FIRST
            IMPRESSION IN DETERMINING HOW BRAWNER APPLIES TO A MEDICAL
            PROFESSIONAL, AND THUS PROVIDES NO GUIDANCE ON HOW TO APPLY
            RECKLESS DISREGARD TO CLAIMS THAT A MEDICAL PHYSICIAN RENDERED
            INADEQUATE CARE TO A PRETRIAL DETAINEE. ...........................................8

        III.    THE COURT'S OPINION TORTIFIES THE CONSTITUTION. ...........................12

CONCLUSION..............................................................................................15

CERTIFICATE OF COMPLIANCE.............................................................16

CERTIFICATE OF SERVICE.......................................................................16

APPENDIX ..................................................................................................A

# TABLE OF CITATIONS
## Federal Cases

**Page No.**

*Bowles v. Advanced Corr. Healthcare*, 2020 U.S. Dist. LEXIS 224420
(E.D. Ky. Nov. 30, 2020) .................................................................................. 12-13
*Branch v. Logan*, 2015 U.S. Dist. LEXIS 25870 (M.D. Tenn. 2015) ....................14
*Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021) ........................1, 2, 4-8, 11-12
*Britt v. Hamilton Cnty.*, 2022 WL 405847 (6th Cir. Feb. 10, 2022 .......................3, 9
*City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983) .....................................14
*Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001) ....................................... 12-13
*Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 110 S. Ct. 2841, 111 L. Ed. 2d
224 (1990) .................................................................................................................14
*Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976) ...........................1, 5, 6, 11, 12

*Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994) ........................1, 6, 7, 12
*Foelker v. Outagamie Cnty.*, 394 F.3d 510 (7th Cir. 2005) ...................................13
*Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022) ...................................3, 8, 9
*Hyman v. Lewis*, 27 F.4th 1233 (6th Cir. 2022) ....................................................3, 9
*Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466 (2015) ........1, 2, 3, 5, 6, 12
*Miller v. Calhoun Cnty.*, 408 F.3d 803 (6th Cir. 2005) ..........................................10
*Rouster v. County of Saginaw*, 749 F.3d 437 (6th Cir. 2014) ....................10, 12, 13
*Schoonover v. Rogers*, 2022 WL 12258998 (6th Cir. Oct. 21, 2022) .....................3
*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002) .9, 10
*Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745 (6th Cir. 2022) ...............................1, 2, 3, 4
*Washington v. Harper*, 494 U.S. 210, 110 S. Ct. 1028, 108 L. Ed. 2d 178 (1990) 14
*Westmoreland v. Butler Cnty.*, 35 F.4th 1051 (6th Cir. 2022) ...............................3, 9

## State Statutes

Tennessee Code Annotated § 29-26-115(a) .............................................................7

## State Cases

*Andrew v. Begley*, 203 S.W.3d 165 (Ky. Ct. App. 2006) ..........................................7
*Bryant v. Oakpointe Villa Nursing Ctr., Inc.*, 684 N.W.2d 864 (Mich. 2004) .........7
*Claycomb v. Howard*, 493 S.W.2d 714 (Ky. 1973) .................................................7
*Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257 (Ohio 2015) 7
*Estate of French v. Stratford House*, 333 S.W.3d 546 (Tenn. 2011) .......................7

*Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257 (Ohio 2015) ..
..............................................................................................................................7

## Federal Rules

Fed. R. App. P. 35(b)(1)(A) ...............................................................................1, 4
Fed. R. App. P. 35(b)(1)(B) ..................................................................................1
6 Cir. R. 32.1(b) .................................................................................................1, 4

### FED. R. APP. P. RULE 35(b) STATEMENT

En banc review is necessary to resolve a split of precedent within this Court's jurisprudence. The panel's decision to apply the novel deliberate indifference standard set out in *Brawner v. Scott County* creates an inconsistent and unworkable standard in the context of medical care claims brought by pretrial detainees against physicians under the Fourteenth Amendment. 14 F.4th 585, 596 (6th Cir. 2021). Currently, this circuit has two discordant approaches to analyzing deliberate indifference, one which eliminates the subjective component, and one which adds an objective prong to the longstanding *Farmer v. Brennan*, 511 U.S. 825 (1994), deliberate indifference test. Fed. R. App. P. 35(b)(1)(A); *Brawner*, 14 F.4th at 597; *Trozzi v. Lake Cnty.*, 29 F.4th 745, 757-78 (6th Cir. 2022). The Opinion simply states that *Brawner* controls because it was published first but does not resolve the inconsistency between two published opinions: "A published opinion is overruled only by the court en banc." Op. at 10 ¶ 2; 6 Cir. R. 32.1(b). Additionally, the Opinion, which is designated to be published, has posed a question of exceptional importance: whether a three-judge panel can overrule decades of federal precedent that proscribe recovery for negligence under a constitutional claim. Fed. R. App. P. 35(b)(1)(B); s*ee e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 105-06, 107-08 (1976); *Farmer*, 511 U.S. at 837-38; *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015); *Brawner*, 14 F.4th at 596.

## ARGUMENT

### I.    This circuit has inconsistent approaches to deliberate indifference post-*Brawner*, and en banc review is required to determine which approach controls.

Two panels of this circuit have rendered inconsistent opinions regarding the application of deliberate indifference to claims of inadequate medical care by pretrial detainees brought under the Fourteenth Amendment. *Brawner* established a novel approach to deliberate indifference after *Kingsley*, 576 U.S. at 396. The *Brawner* standard removed the subjective component of the longstanding *Farmer* two-prong deliberate indifference test. *Brawner*, 14 F.4th at 595-6 ("We also reject any argument that *Farmer* controls here…because *Farmer* cannot fairly be read to require subjective knowledge where the Eighth Amendment does not apply […]."); *see* n.1, *infra*.

Another panel of this Court in *Trozzi v. Lake County* applied a different approach to deliberate indifference in the post-*Kingsley* and post-*Brawner* landscape. 29 F.4th 745, 757-58 (6th Cir. 2022). The *Trozzi* approach, instead of completely removing *Farmer*'s subjective prong, added another prong of analysis to account for *Kingsley*'s holding. *Id*. The *Trozzi* approach requires a pretrial detainee to satisfy three prongs to establish an inadequate-medical-care claim under the Fourteenth Amendment:

> (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail

> official knew at the time of the incident) would have understood
> that the detainee's medical needs subjected the detainee to an
> excessive risk of harm; and (3) the [jail] official knew that his
> failure to respond would pose a serious risk to the pretrial detainee
> and ignored that risk.

29 F.4th at 757-58. Unlike the *Brawner* approach, this approach applied *Kingsley*,

which preserved precedent that even an objective inquiry for liability for a

constitutional tort still requires the evaluation of whether the defendant's conduct

was purposeful or knowing, or possibly reckless. 275 U.S. at 396. This ensures the

requisite mental state to prove a constitutional tort is "sufficiently culpable…to

satisfy the high bar" for claims grounded in substantive due process. *Trozzi*, 29 F.4th

at 758.

As evidenced by the different approaches, these published panel Opinions are

clearly inconsistent. *See also*, *Westmoreland v. Butler Cnty.*, 35

F.4th 1051, 1051 (6th Cir. 2022) (denying en banc reh'g) (Bush, J., dissenting)

("[O]ur circuit has struggled with how to apply the *Brawner* test in medical-needs

cases. Did *Brawner* obviate an inquiry into defendants' mental states? Did it merely

modify that inquiry? And in so doing, did [it] leave a subjective inquiry in place?)

(citing *Britt v. Hamilton Cnty.*, 2022 WL 405847, at * 6-7 (6th Cir. Feb. 10, 2022)

(Clay, J., dissenting); *Greene*, 22 F.4th 593, 606 (6th Cir. 2022); *Trozzi*, 29 F.4th at

754-55; *accord Hyman v. Lewis*, 27 F.4th  1233, 1237 (6th Cir. 2022); *Schoonover

v. Rogers*, 2022 WL 12258998, at *11 n.1 (6th Cir. Oct. 21, 2022) ("After the

Supreme Court held in [*Kingsley*] that an officer violates a pretrial detainee's Fourteenth Amendment rights if the officer uses force in an objectively unreasonable manner, some panels of this court have modified the subjective component of the standard for deliberate indifference claims.") (comparing *Brawner*, 14 F.4th at 596-97, to *Trozzi*, 29 F.4th at 753). The Opinion in the instant appeal resolves this dissonance by simply stating that, "[b]ecause *Brawner* was decided before *Trozzi*, *Brawner* controls." Op. at 10 ¶ 2. However, "[a] published opinion is overruled only by the court en banc." 6 Cir. R. 32.1(1). Therefore, en banc review is needed to clarify inconsistent standards within this circuit. Fed. R. App. P. 35(b)(1)(A).

## II. **The Court misapplies the novel deliberate indifference test, derived from *Kingsley*'s excessive force context, to a medical physician for claims that effectively question the efficacy of medical treatment rendered.**

The Court's expansion of Fourteenth Amendment rights under *Brawner* confuses the purpose of the longstanding deliberate indifference test under *Farmer* and uproots decades of constitutional precedent to misalign pretrial detainee rights to adequate medical care with *Kingsley*, which narrowly applies only to address excessive force claims within the pretrial detainee context. Now, this Court extends *Kingsley* and *Brawner*, grounded in claims against jail personnel, to a claim that a medical physician omitted to act in rendering a medical decision. Such extension renders the Fourteenth Amendment simply a constitutionalization of medical malpractice claims. This is a case of first impression that presents a question of

4

extraordinary importance. Further, the Court's appropriation of the *Kingsley* objective reasonableness standard to a claim of inadequate medical care directly conflicts with longstanding precedent, set out in *Estelle*, and its progeny, that a physician's negligent diagnosis and treatment will not suffice to make out a constitutionally cognizable claim. 429 U.S. at 105-06, 107-08. This Court's Opinion in this appeal upends this long-held doctrine.

**A.** *Brawner* purports to bring the Sixth Circuit in line with *Kingsley*, but instead created a novel and unworkable standard.

This Court created a new standard for deliberate indifference in *Brawner*, which has forced a broadening of the rights protected for pretrial detainees under the Fourteenth Amendment.14 F.4th 585, 596.[1] The *Brawner* Court explained that, "[g]iven *Kingley*'s clear delineation between claims brought by convicted persons under the Eighth Amendment and claims brought by pre-trial detainees under the Fourteenth Amendment, applying the same analysis to these constitutionally distinct groups is no longer tenable." *Id.*

The *Kingsley* Court, however, narrowly defined its scope to only address excessive force claims filed by pretrial detainees. 576 U.S. at 396 (identifying that

---

[1] "To meet [plaintiff's] burden to show that [defendant] violated [plaintiff's] constitutional right to adequate medical care, [plaintiff] needed to present evidence from which a reasonable jury could find (1) that she had an objectively serious medical need; and (2) that [defendant's] action (or lack of action) was intentional (not accidental) and she either (a) acted intentionally to ignore [plaintiff's] serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to [plaintiff], even though a reasonable official in [defendant's] position would have known that the serious medical need posed an excessive risk to [plaintiff's] health or safety." *Brawner*, 14 F.4th at 597.

the Court is only addressing whether the Constitution necessitates an objective or subjective inquiry to determine if force deliberately used is excessive). "*Kingsley* reversed the precedent of those circuits that imposed a subjective standard for excessive force claims brought by pretrial detainees against prison officials." *Brawner*, 14 F.4th at 606 (Readler, J., concurring in part and dissenting in part) (citing *Kingsley*, 576 U.S. at 395).

Applying *Brawner*'s standard to a medical professional's omission to act becomes incompatible with long-held precedent that state tort claims are not cognizable under the Constitution. *Estelle*, 429 U.S. at 105-06, 107-08 ("deliberate indifference entails something more than negligence."). *Kingsley* reaffirmed this proscription. 576 U.S. at 396 ("[A]s we have stated, liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." (internal quotation marks omitted)). *Brawner*, too, acknowledged that negligence is insufficient to invoke a cognizable constitutional claim. 14 F.4th at 596 (discussing that "mere negligence" is insufficient to establish deliberate indifference within the context of pretrial detainees).[2]

---

[2] After explaining that *Farmer* does not control, the *Brawner* Court then looks to *Farmer* to explain what is required to establish deliberate indifference within the context of pretrial detainees. *Id.* at 596 (citing *Farmer*, 511 U.S. at 836, for the premise that a defendant must not only have acted deliberately (not accidentally), but also recklessly in the face of an unjustifiably high risk.) The significance of this is that the *Brawner* Court alleges it reformed the deliberate indifference test to bring it in line with *Kingsley*, but failed to acknowledge that *Kingsley* does not consider whether recklessness meets the test for deliberate indifference. *Kingsley*, 576 U.S. at 396 (internal citations and quotation marks omitted). Thus, the *Kingsley* Court explicitly declined to address claims rooted in recklessness because, there, the defendants did not dispute that they acted with purpose and knowledge so the question was not before the Court.

However, in creating its new standard, *Brawner* inexplicably adopted the civil standard of recklessness that *Farmer* declined to follow:

> The civil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known. The criminal law, however, generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware […]. We reject [plaintiff's] invitation to adopt an objective test for deliberate indifference [, which] comports best with the text of the [Eighth] Amendment as our cases have interpreted it […].

*Farmer*, 511 U.S. at 836-37, 837-38; *see also Brawner*, 14 F.4th at 596, 597.

The reading of civil recklessness into the Fourteenth Amendment supplants the standard of care applicable to medical providers.[3] Whereas, Kentucky state law requires what a reasonable physician would have done in the same or similar circumstances, the civil recklessness standard fails to give consideration to a physician's expertise.

---

[3] *Compare Grubbs v. Barbourville Family Health Ctr., PSC*, 120 S.W.3d 682, 688 (Ky. 2003) (requiring a plaintiff to prove through expert testimony the applicable standard of care, that the defendant breached the standard of care, and that the breach was a substantial factor in causing the alleged injuries); *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. App. 2006) (establishing the standard for medical expert testimony); *Claycomb v. Howard*, 493 S.W.2d 714, 718 (Ky. 1973) (adopting Restatement (Second) of Torts, § 431 (Substantial factor test) into Kentucky jurisprudence); *Bryant v. Oakpointe Villa Nursing Ctr., Inc.* 684 N.W.2d 864, 872 (Mich. 2004) (explaining that medical experts are required to describe the standard of care in a medical malpractice action, and defining medical malpractice as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality, in light of the present state of medical science); TCA § 29-26-115(a) (codifying the burden of proof in a healthcare action in Tennessee, to include "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred"); *accord Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011) (holding that plaintiff must prove the recognized standard of professional care in the specialty and locality in which the physician practices in a Tennessee medical malpractice claim); *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 263 (Oh. 2015) (reaffirming standard of care requirement in light of the physician's superior training and knowledge).

The burden on a pretrial detainee alleging a constitutionally cognizable claim of inadequate medical care can be based simply on objective factors that a defendant-physician "recklessly failed to act reasonably to mitigate the risk the serious medical need posed." *Brawner*, 14 F.4th at 597. This is viewed not from what a reasonable physician in the defendant's position would have known, but merely a reasonable official in the defendant's position. Failing to consider a physician's medical expertise, and further failing to consider that a physician may determine to act, or to not act, based on reasonable, medically appropriate, and medically indicated circumstances existing at the time, or so described to him. It is thus apparent that *Brawner* and its nascent progeny contort a pretrial detainee's rights under the Fourteenth Amendment into simple negligence.

 **B.** <u>The Opinion fails to recognize that this is a case of first impression in determining how *Brawner* applies to a medical professional, and thus provides no guidance on how to apply reckless disregard to claims that a medical physician rendered inadequate care to a pretrial detainee.</u>

The Court's Opinion states without equivocation that "*Greene v. Crawford County* is instructive for the subjective analysis," and thus the current case is simply a rote application of this precedent. Op. at 10 § 2 ¶ 2 (citing 22 F.4th 593, 601 (6th Cir. 2022);[4] Op. at 11 ¶ 2. After identifying factual similarities between the evolution

---

[4] The Court proceeds to discuss the "subjective prong," which ostensibly refers to the objective analysis post-*Brawner*, and has been so analyzed by this appellee.

of Mr. Greene's delirium tremens with the claims of Mr. Helphenstine's Estate, the Court proceeds to examine the current appeal under *Greene*. Op. at 11 § 3 ¶ 1.

*Greene*, however, provides no guidance of its application to a physician. *Greene*, 22 F.4th at 608-09. As such, *Greene* cannot be instructive on evaluating "reckless disregard" alleged against Dr. Von Luhrte. Neither *Greene* nor any published case applying *Brawner* have analyzed claims against a physician.[5] In *Greene*, this was a pivotal aspect of that Court's rationale in holding those County defendants liable, explaining that they could not "have reasonably deferred to a medical professional's opinion" when they knew Ms. Karczewski was not a medical professional. 22 F.4th at 608. In fact, the Court upheld summary judgment granted on behalf of Ms. Karczewski for the exact reason that she was not a medical professional and thus could not be expected to identify the serious nature of Mr. Greene's hallucinations despite the obviousness of the condition. *Id.* at 614, 608-09.

Because *Greene* affords no assistance in understanding reckless disregard as it applies to a physician, the Court solely examined pre-*Brawner* precedent in overturning the grant of summary judgment in this matter. Thus, the cases examined by the Court all maintained a subjective component in their treatment of the

---

[5] *See, e.g.*, *Hyman v. Lewis*, 27 F.4th at 1236 (claim filed under Fourteenth Amendment for inadequate medical care against city, state, police department, department of corrections, and individual officers); *Westmoreland v. Butler Cnty.*, 29 F.4th at 723-24 (Jail and its employee sued for failure to protect); *Britt*, 2022 WL 405847, at *1 (nurses at jail, medical services contractor, and corrections officer sued for, in part, inadequate medical care, and claims against physician abandoned in district court). Only *Trozzi*, 29 F.4th at 760-762, and *Britt*, 2022 WL 405847, at *4-5, discuss inadequate medical care claims against a medical provider and, as discussed *supra* at 6-7, these applications of *Brawner* are inconsistent with *Greene* with regard to the significance of the defendant's state of mind.

adequacy of care rendered by a medical professional. *See Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843-44 (6th Cir. 2002) (discussing grossly inadequate medical care rendered to a psychiatric patient, under an Eighth Amendment claim, for which the Court determines the relevant inquiry is "whether a reasonable doctor could have concluded his actions were lawful" and examined the individual knowledge of each medical provider in determining liability); *Rouster v. County of Saginaw*, 749 F.3d 437, 447-53 (6th Cir. 2014) (declining to question appropriateness of medical treatment when nurses prescribed tums and increased fluid intake, and observed for alcohol withdrawal when the inmate had perforated duodenal ulcer based on subjective unawareness of the seriousness). These cases, however, fail to explain the unique contours of this novel application to constitutional claims of inadequate medical care against a physician.

Most significantly, the instant Opinion relies on language that, when a medical need is so obvious, medical care that is so cursory as to amount to no treatment at all may amount to deliberate indifference. Op. at 17-18 (citing *Terrance*, 286 F.3d at 844). However, each of the cases cited in support fail to hold a medical provider liable under this theory and, indeed, the Court in *Miller v. Calhoun County* explains that "the cases cited for this proposition involved a *known* risk that was disregarded." 408 F.3d 803, 820 (6th Cir. 2005) (declining to find physician acted with deliberate indifference).

The cases the instant Opinion relies on are not instructive on how to evaluate a physician's reckless disregard or even what facts give rise to such a holding. In fact, they evidence that medical decisions and claims of inadequate medical care necessarily involve a state of mind inquiry. In the excessive force context, "punitive intent customarily may be inferred without defaulting to subjective considerations." *Brawner*, 14 F.4th 608 (Readler, J., concurring in part and dissenting in part). However, "the same inference does not arise from the deprivation of adequate medical care, which often rests on an unwitting failure to act, making one's subjective intent critical in understanding the chain of events." *Id.* "Without any manner of inquiry into a party's intent, courts cannot fairly distinguish negligent deprivation of care—which does not give rise to a constitutional claim—from an intentional deprivation of care that amounts to punishment—which violates the Fourteenth Amendment." *Id.*

Because the Opinion applies *Greene* and fails to consider the issue of first impression as to the application of *Brawner's* reckless disregard standard to a physician in a claim of inadequate medical care under the Fourteenth Amendment, the resulting precedent remains devoid of any guidance to explain the application of the doctrine.

### III.     The Court's Opinion Tortifies the Constitution.

The ultimate effect of the Court's opinion is the constitutionalization of medical negligence, in conflict with longstanding precedent. *Estelle*, 429 U.S. at 105-06.

> An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purpose objective basis.

*Farmer*, 511 U.S. at 837-38; *see also Kingsley*, 576 U.S. at 408 (Scalia, J., dissenting) ("The Due Process Clause is not a font of tort law to be superimposed upon that state system." (internal citations and quotation marks omitted)); *Brawner*, 14 F.4th at 610 (Readler, J., concurring in part and dissenting in part) ("I remain unconvinced that the Fourteenth Amendment confers any freestanding right to be free from jailhouse medical malpractice […]. Rather than taking further steps to tortify the Fourteenth Amendment […], pretrial detainees like *Brawner* can draw on a rich body of state negligence law for recompense." (internal citations and quotation marks omitted)). The *Estelle* Court reasoned that alleged

> medical malpractice does not become a constitutional violation merely because the victim is a prisoner. To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

429 U.S. at 106.

The distinction between a state tort claim and a constitutional tort claim lies in the subjective component. The subjective requirement is designed "to prevent the constitutionalization of medical malpractice claims; thus a plaintiff alleging deliberate indifference must show more than negligence […]." *Rouster v. County of Saginaw*, 749 F.3d 437 (2014). Even if a doctor provides careless or inefficacious treatment to a prisoner, "he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Bowles v. Advanced Corr. Healthcare*, 2020 U.S. Dist. LEXIS 224420, at *19 (E.D. Ky. Nov. 30, 2020) (internal quotation marks omitted) (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). In blurring this distinction, the Court's Opinion constitutionalizes claims of medical negligence.

According to the Court's Opinion, Dr. Von Luhrte's decision to prescribe medications, rest, fluids and a bland diet following the detainee's refusal to be transported to the hospital was constitutionally inadequate medical care. *But see Rouster*, 749 F.3d at 447-53 (upholding as constitutionally appropriate giving tums and fluids for a perforated duodenal ulcer). In reaching this conclusion, the Court, following *Brawner* and *Greene*, disregarded the subjective component, which ensures the heightened requirement for a constitutional claim as opposed to a

13

medical negligence claim. The result is a medical negligence claim evolving into a constitutional violation because of the absence of the heightened culpability requirement. *See Foelker v. Outagamie Cnty.*, 394 F.3d 510, 515 (7th Cir. 2005) (Manion, J., dissenting). When inaction is the focus, as in many medical care cases, the subjective component must be judged from an often-protracted series of events to determine if the conduct extends beyond mere negligence. The removal of that component converts allegations of mere negligence into allegations of constitutional violations.

Additionally, a pretrial detainee cannot be denied the right of refusing medical treatment. "The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions." *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) (recognizing prisoners' significant liberty interest in avoiding unwanted medical treatment under the Fourteenth Amendment Due Process Clause) (internal citations omitted). With regard to inmates' right to medical decision-making, the Supreme Court held "[t]he forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Washington v. Harper*, 494 U.S. 210, 229 (1990). "A pretrial detainee has a Fourteenth Amendment right to adequate medical care and to refuse necessary medical care." *Branch v.*

*Logan*, 2015 U.S. Dist. LEXIS 25870, at *17 (M.D. Tenn. 2015) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244-46 (1983); *Cruzan*, 497 U.S. at 278)).

Mr. Helphenstine refused hospitalization. As a result, Dr. Von Luhrte offered another form of treatment: two types of medication to treat Mr. Helphenstine's symptoms. Allegations arising out of this course of treatment may give rise to mere negligence, but nothing more. Allowing the advancement of constitutional causes of action based upon medical decisions, accurate or not, leads only to the result of tortifying the Constitution.

## CONCLUSION

For the foregoing reasons, Defendant-Appellant, Tommy Von Luhrte, D.O. respectfully request that this Court grant en banc review, vacate the Panel Opinion, and restore this case to the docket as a pending appeal.

## <u>FED. R. APP. P. RULE 32(g)(1) CERTIFICATE OF COMPLIANCE</u>

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) because it contains 3,883 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b)(1).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman, 14-point font.

*/s/ Courtney L. Soltis*
Clayton L. Robinson, Esq.
Courtney L. Soltis, Esq.
ROBINSON & HAVENS, PSC
101 Prosperous Place, Suite 100
Lexington, KY 40509
Ph: (859) 559-4533
crobinson@robinsonhavens.com
csoltis@robinsonhavens.com
***Counsel for Defendant-Appellee***
***Tommy Von Luhrte, D.O.***

## <u>CERTIFICATE OF SERVICE</u>

A copy of this Appellee's Brief was served via email on February 23, 2023, on all counsel of record.

/s/*Courtney L. Soltis, Esq.*
Counsel for Appellee, ***TOMMY von LUHRTE, D.O.***

# **<u>APPENDIX</u>**

1.  Sixth Circuit Court of Appeals Opinion, issued February 9, 2023 (Doc. 137).